Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Tel:(949)263-5992
Facsimile:(949)209-1948

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Phone: (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiff
SEAN BOZARTH and the Proposed Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BOZARTH, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| SUNRUN, INC., a Delaware Corporation; CLEAN ENERGY EXPERTS, LLC, a California limited liability company doing business as SOLAR AMERICA, and Does 1 through 10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

1    Plaintiff, Sean Bozarth ("Plaintiff"), individually and on behalf of all others similarly

2    situated, allege the following on information and belief, except that Plaintiff's allegations as to his

3    own actions are based on personal knowledge.

4                                  **NATURE OF THE ACTION**

5    1.    SUNRUN, INC., a Delaware Corporation and CLEAN ENERGY EXPERTS, LLC,

6    a California limited liability company doing business as SOLAR AMERICA ("Solar America")

7    (collectively "Defendants") repeatedly placed robocalls (i.e. automated/prerecorded voice message

8    delivered by autodialing equipment) to residential/cellular telephones belonging to Plaintiff and the

9    proposed class in an effort to sell solar energy products. Many of these calls were made using a

10   computer voice imitating a live call center representative.  All of these calls were made using an

11   autodialer.  Plaintiff has never given Solar America prior express written consent to receive the

12   calls on his cellular phone, which is and has been listed on the National Do Not Call Registry.

13   2.    Plaintiff brings this action for injunctive relief and statutory damages arising out of

14   the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and

15   proposed class members on their residential/cellular telephones using an autodialer and an artificial

16   or prerecorded voice without their prior express written consent within the meaning of the

17   Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and for making calls in

18   violation of the TCPA's national do not call provisions.

19                                       **PARTIES**

20   3.    Plaintiff, Sean Bozarth is, and at all times mentioned herein was, a resident of

21   Orange County and a citizen of the State of California.

22   4.    Defendant Sunrun Inc. ("Sunrun") is a Delaware corporation with its principal place

23   of business located at 595 Market Street, 29th Floor, San Francisco, California 94105.  Sunrun

24   represents that it is the largest dedicated residential solar company in the United States.  It

25   develops, owns, manages, and sells residential solar energy systems in Arizona, California,

26   Colorado, Connecticut, Delaware, Hawaii, Maryland, Massachusetts, Nevada, New Hampshire,

27   New Jersey, New York, Oregon, Pennsylvania and South Carolina.  On information and belief,

28

Sunrun exercises direct management and control over telemarketing employees that qualify solar customer leads by phone under the Clean Energy and Solar America brands, including directly overseeing and managing call center operations and staff, and monitors performance metrics and provides processes and scripts for telemarketers.

5.   Defendant, Clean Energy Experts, LLC ("Clean Energy") is a California limited liability corporation with its principal place of business located at 595 Market Street, 29th Floor, San Francisco, California. It operates the solaramerica.com and solaramerica.org websites, among other websites. Solar America is a fictitious business name registered to Clean Energy. Clean Energy operates as a subsidiary of Sunrun, having been acquired by Sunrun in 2015, and provides lead generation services for the solar industry, including Sunrun.

## JURISDICTION AND VENUE

6.   For the reasons stated in Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.  This Court also has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, inter alia, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  See 28 U.S.C. § 1332(d)(2) and (6).

7.   This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the Telephone Consumer Protection Act.

8.   Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District and Defendant's principal place of business is in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.      The Telephone Consumer Protection Act of 1991**

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.      Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11.      According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

13.      In addition, The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation [to] . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**B.      Defendant's Robocalls to Plaintiff Sean Bozarth**

14.      Prior to the calls at issue in this action, Plaintiff Sean Bozarth had never had any contact with Defendants.  Mr. Bozarth has never consented in writing, or otherwise, to receive telephone calls from Defendants.  Plaintiff Bozarth has never provided Defendants with his residential/cellular telephone number.

15.      Mr. Bozarth' residential/cellular telephone number has also been listed on the National Do Not Call Registry.

16.     The following chart shows each date and time that Defendants called Mr. Morris on his residential/cellular telephone number to sell him solar panels, the phone number that Defendants used to place the calls and whether the calls were made by an artificial or prerecorded voice or a live caller:

**Defendants' Calls to Plaintiff Bozarth**

| Date | Time | Number Calling |
|---|---|---|
| 6/16/16 | 12:57 PM | (213) 459-6328 |
| 6/10/16 | 5:42 PM | (213) 459-6328 |
| 6/10/16 | 12:35 PM | (213) 459-6328 |
| 6/11/16 | 8:27 PM | (213) 459-6328 |
| 6/9/16 | 11:34 AM | (213) 459-6328 |
| 6/8/16 | 12:11 PM | (213) 459-6328 |

17.     In total, Defendants called Mr. Bozarth at least six times using an artificial or prerecorded voice without his prior express written consent, and once with a live caller despite the fact that his residential/cellular telephone number is on the National Do Not Call Registry.

18.     Each time Mr. Bozarth answered the phone, he heard a pause or dead air before anyone on the line began to speak, indicating use of an automatic telephone dialing system.  The numerous impersonal calls from various numbers using an artificial or prerecorded voice also indicates that Defendants were using an autodialer to contact him.

**CLASS ACTION ALLEGATIONS**

19.     Plaintiff brings this action on behalf of themselves and on behalf of all other persons similarly situated.

20.     Plaintiff proposes the following "Robocall Class" definition, subject to amendment as appropriate:

> All persons domiciled within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or at the direction of any Defendant in order to promote products or services; (d) for whom that Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff Bozarth

represents, and is a member of, this proposed class. Excluded from the Robocall Class are

Defendants and any entities in which Defendants have a controlling interest, Defendants' agents

and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any

member of such Judges' staffs and immediate families.

21.     Plaintiff also proposes the following "National Do Not Call Class" definition:

> All persons domiciled in the United States who: (a) received more than one telephone
> solicitation call, initiated by any Defendant to promote products or services; (b) in a 12–
> month period; (c) on their cellular telephone line or residential telephone line; (d) after
> registering their telephone number(s) on the National Do Not Call Registry; and (e) at any
> time in the period that begins four years before the filing of the complaint in this action to
> the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "National Do Not Call Class." Plaintiff

represents, and is a members of, this proposed class. Excluded from the National Do Not Call

Class are Defendants and any entities in which Defendants have a controlling interest, Defendants'

agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any

member of such Judges' staffs and immediate families.

22.     Plaintiff does not know the exact number of members in the proposed classes, but

reasonably believes based on the scale of Defendants' businesses, and the number of autodialed

robocalls that they received, that the classes are so numerous that individual joinder would be

impracticable.

23.     Plaintiff and all members of the proposed classes have been harmed by the acts of

Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation,

nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and

harassing telephone calls, the and violations of their statutory rights.

24.     The disposition of the claims in a class action will provide substantial benefit to the

parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be

identified easily through records maintained by Defendants.

25.     There are well defined, nearly identical, questions of law and fact affecting all

parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes.  Those common question of law and fact include, but are not limited to, the following:

    a.   Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b.   Whether Defendants made telephone calls to class members on the National Do Not Call Registry

    c.   Whether Defendants' conduct was knowing and/or willful;

    d.   Whether Defendants are liable for damages, and the amount of such damages, and

    e.   Whether Defendants should be enjoined from engaging in such conduct in the future.

26.    As persons who received numerous and repeated calls on their telephone using an artificial or prerecorded voice, without their prior express written consent, and despite the fact that they are all on the National Do Not Call Registry, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests that are antagonistic to any member of the proposed classes.

27.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendants to comply with the TCPA.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29.    Defendants have acted on grounds generally applicable to the proposed classes,

thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### [47 U.S.C. § 227, *et seq.*]

30.     Plaintiff incorporates by reference the foregoing paragraphs of this First Amended Class Action Complaint as if fully stated herein.

31.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

33.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

34.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
### 47 U.S.C. § 227, *et seq.*

35.     Plaintiff incorporates by reference the foregoing paragraphs of this First Amended Class Action Complaint as if fully stated herein.

36.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

39.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

a.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b.  As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.  As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d.  An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f.  Such other relief as the Court deems just and proper.

1

### **DEMAND FOR JURY TRIAL**

2          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

3   and all issues in this action so triable of right.

4

5   Dated: June 23, 2016                    **NATHAN & ASSOCIATES, APC**

6

                                By:    /s/ Reuben D. Nathan
7                                      Reuben D. Nathan,
                                       Attorney for Plaintiff SEAN BOZARTH
8                                      and the Proposed Classes

9

10  Dated: June 23, 2016                   **LAW OFFICES OF ROSS CORNELL, APC**

11

                                By:    /s/ Ross Cornell
12                                     Ross Cornell,
                                       Attorney for Plaintiff SEAN BOZARTH
13                                     and the Proposed Classes

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28